Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5615 | **DATE** | October 26, 2000 |
| **CASE TITLE** | Trustees of the Electrical Contractors' Association and Local 134 I.B.E.W. Health & Welfare Trust of Chicago v. Alice Klein-Lustyk v. Arthur C. Klein and American Drug Stores, Inc., d/b/a/ Osco Drug | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the plaintiff I.B.E.W. motion to dismiss the defendant Lustyk's counterclaim for breach of fiduciary duty under ERISA, 28 U.S.C. 1109, is GRANTED and the third-party defendant Osco motion to dismiss defendant Lustyk's third-party complaint, counts V-IX, for indemnification under various common law theories is GRANTED. (Docket Numbers: 21-1, 25-1, 28-1 are terminated).

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

No notices required, advised in open court.
No notices required.                                                   3  number of notices
Notices mailed by judge's staff.
Notified counsel by telephone.                                         OCT 27 2000  date docketed
X  Docketing to mail notices.
Mail AO 450 form.                                                      docketing deputy initials
Copy to judge/magistrate judge.
                                                                       OCT 27 20  date mailed notice
vg(lc)   courtroom deputy's initials
         Date/time received in central Clerk's Office                  mailing deputy initials

Document Number  35

Trustees of the Electrical Contractors' )
Association and Local 134 I.B.E.W. Health & )
Welfare Trust of Chicago )
)
)
      Plaintiff, )
) No. 99 C 5615
  v. )
) HONORABLE DAVID H. COAR
Alice M. Klein, now known as, Alice M. )
Klein-Lustyk, )
)
)
      Defendant- )
      Third-Party Plaintiff, )
  v. )
)
Arthur C. Klein and American Drug Stores, )
Inc., d/b/a/ Osco Drug )
)
)
      Third-Party Defendants. )

DOCKETED

OCT 27 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Trustees of the Electrical Contractors' Association and Local 134 I.B.E.W. Health & Welfare of Chicago ("I.B.E.W.") brought suit against defendant Alice M. Klein-Lustyk (Lustyk) under Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., to recover benefits I.B.E.W. allegedly paid Lustyk in error. Defendant Lustyk brought a counterclaim against I.B.E.W. for breach of fiduciary duty under ERISA, 29 U.S.C. 1109 and additionally brought a third-party complaint against Arthur C. Klein ("Klein") and American Drug Stores, Inc. ("Osco") for indemnification of a portion of the liability that may attach under various common law theories. Plaintiff I.B.E.W. and third-party defendant Osco now move separately to dismiss the defendant Lustyk's claims against them for failure to state a claim upon

1

35

which relief can be granted under Fed.R.Civ.P. 12(b)(6). For the reasons stated below, each motion to dismiss is granted.

## Standard of Review For Motion To Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the defendant will prevail on the merits, but instead whether the defendant has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the defendant's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). Any ambiguities are construed in favor of the defendant Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the defendant which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

## Analysis

A. <u>Motion to Dismiss Lustyk's Counterclaim Against I.B.E.W.</u>

Plaintiff I.B.E.W. brings before this court a motion to dismiss defendant Lustyk's counterclaim for breach of fiduciary duty and recovery of damages and costs under ERISA, 28 U.S.C., § 1109. For the following reasons, the plaintiff's motion is GRANTED.

ERISA provides that "a fiduciary shall discharge his duties with respect to a Plan solely in the interest of the Participants and Beneficiaries." 29 U.S.C.§ 1104(a)(1). The statute

2

specifically authorizes a civil action to be brought under ERISA, 28 U.S.C. § 1109 by a participant, beneficiary, fiduciary, or the Secretary of Labor. 28 U.S.C. § 1132(a)(2). Further, for an individual to have standing to maintain an action for breach of fiduciary duty against a plan or trustee, the individual must be a participant or beneficiary at the time she brings an action against the a fiduciary. Brink v. DaLesio, 667 F.2d 420 (4th Cir. 1981). Illinois courts have held that a plan administrator or a trustee owe ERISA fiduciary duties to participants or beneficiaries of a plan. Alton Memorial Hospital v. Metropolitan Life Ins. Co., 656 F.2d 245, 249 (7th Cir. 1981); Spencer v. Southeast and Southwest Areas Pension Fund, 778 F.Supp. 985 (N.D.Ill. 1991).

In this case, the defendant was not a beneficiary under the terms of the I.B.E.W. Plan ("Plan") at the time she brought the civil action and therefore I.B.E.W. does not owe her any fiduciary duties under ERISA nor does she have standing to bring suit against I.B.E.W. The Plan defines an eligible beneficiary as "[the Participant's] lawful spouse and [his] unmarried children (natural, legally adopted or placed in your home for legal adoption) under age 19 (or under age 23 if they are full-time students as determined by the educational institution, financially dependent on you and normally residing in your household)." Upon Lustyk's divorce from Klein, she was no longer an eligible beneficiary under the Plan. Therefore, I.B.E.W. does not owe the defendant a fiduciary duty under ERISA nor does the defendant have standing to bring a suit for breach of fiduciary duty against the plaintiff under ERISA.

The defendant did not submit a response and therefore has not provided this court with any authority or argument that would suggest an outcome in the defendant's favor.

3

B.  <u>Motion to Dismiss Plaintiff's Third-Party Complaint Against Osco</u>

Third-party defendant Osco brings before this court a motion to dismiss counts V-IX of defendant Lustyk's third party complaint for indemnification by Osco of a portion of the liability that may attach to Lustyk as a result of I.B.E.W.'s lawsuit. For the following reasons, Osco's motion is granted.

In Lustyk's third-party complaint, she alleges that Osco, in continuing to fill her prescriptions past the date of her ineligibility under the I.B.E.W. Plan, is liable under theories of negligence, breach of contract, third-party beneficiaries, fraud, and emotional distress. This court, however, is not aware of any legal precedent, statutory authority, or prudential consideration that leads to the conclusion that Osco owed a duty to (beyond that of monitoring here prescription drug intake for hazardous combinations or possible reactions) or had a contract with Lustyk during the time she received prescription medication through the I.B.E.W. Plan. Lustyk represented to Osco that she was covered by the Plan, and upon the truth of such a representation Osco filled the defendant's prescriptions. Again, the defendant did not respond to Osco's motion to dismiss and therefore has not provided argument or authority as to why Osco should be liable for any unjust enrichment Lustyk may have received from I.B.E.W. In the absence of any reasons to rule otherwise, the third-party Osco's motion to dismiss is granted.

## Conclusion

For the foregoing reasons, the plaintiff I.B.E.W. motion to dismiss the defendant Lustyk's counterclaim for breach of fiduciary duty under ERISA, 28 U.S.C. 1109, is GRANTED and the third-party defendant Osco motion to dismiss defendant Lustyk's third-party complaint, counts V-IX, for indemnification under various common law theories is GRANTED.

4

99 C 5615   Trustees Local 134 v. Klein

Enter: _____

David H. Coar

United States District Judge

Date:   October 26, 2000